FILED
2006 Sep-28 AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCO B. ERSKINE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CV 05-B-2564-S** |
| | ) |
| **CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS,** | ) |
| | ) |
|     **Defendant.** | ) |

### MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 5.) Plaintiff Marco B. Erskine has sued his former employer, defendant Con-Way Transportation Services, Inc., alleging that defendant discriminated against him on the basis of his race in violation of federal law. Defendant has moved for summary judgment on the ground that plaintiff's claims are time barred. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 5), is due to be denied.

### I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the



initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II.  STATEMENT OF FACTS

Defendant hired plaintiff as a driver in May 2002. (Doc. 1 ¶ 3.) One of the conditions placed on plaintiff's acceptance of employment was that he agree "[n]ot to commence any action or suit relating to [his] employment . . . more than six (6) months after the occurrence

which [was] the basis of the action or suit or more than six (6) months after [his] termination . . . which ever occur[red] first," and "[t]o waive any statute of limitation contrary to the above." (Doc. 5, Att., ex. 1 at 2.) Plaintiff signed the letter accepting the conditional offer of employment on May 6, 2002.

Defendant terminated plaintiff on November 9, 2004. (Doc. 1 ¶ 10.) Plaintiff alleges that defendant subjected him to a hostile work environment because of his race and it terminated him on the basis of his race. (Doc. 1 ¶¶ 7, 10.) He filed the instant action on December 22, 2005, which was more than six months following his termination.

### III. DISCUSSION

Defendant contends:

> Plaintiff's claims are due to be dismissed as a matter of law because he failed to file his lawsuit within the statute of limitations to which he agreed at the outset of his employment. The United States Supreme Court has set forth the general rule regarding the ability of parties to shorten statutes of limitation by agreement:
>
> > [I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such a contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.
>
> *Order of United Comm. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). *Wolfe* repeatedly has been cited in upholding reasonable shorter limitations periods set by employers as a condition of employment. *See, e.g. Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357-59 (6th Cir. 2004)(upholding 6-month statute of limitations set forth in employment agreement in dismissing 42 U.S.C. § 1981 claim); *Taylor v. Western & So. Life Ins. Co.*, 966 F.2d 1188, 1203-06 (7th Cir. 1992)(same); *Badgett v. Federal Express Corp.*, 378 F. Supp. 2d 613, 623-25 (M.D. N.C. 2005)(same); *Johnson v. DaimlerChrysler*

*Corp.*, 2003 WL 1089394, at 3-4 (D. Del. Mar. 6, 2003)(upholding 6-month statute of limitations set forth in employment agreement in dismissing Title VII claim); *see also Taylor*, 966 F.2d at 1206 (noting that "Title VII provides no public policy contrary to the six-month limitation of actions clause" because plaintiff could either file suit on other claims and add Title VII claim when right-to-sue notice was received or, alternatively, file suit and ask court for stay pending resolution of EEOC charge).

(Doc. 5 at 2-3.)

In Alabama, "Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is ***void***." Ala. Code § 6-2-15 (emphasis added). The agreement signed by plaintiff is not covered by any provision of the U.C.C.; therefore, pursuant to Alabama law, the agreement shortening the time to file an action is void and unenforceable.

Defendant contends that this court may ignore the Alabama statute and enforce the agreement because the limitation is "reasonable," citing *Wolfe*. (Doc. 5 at 2.) The court disagrees.

The Supreme Court has limited the holding in *Wolfe*, noting that it was a "highly specialized decision dealing with unique facts." *Clay v. Sun Insurance Office, Ltd.*, 377 U.S. 179, 183 (1964). Indeed, in *Clay*, the Supreme Court applied a Florida statute, substantially similar to the statute at issue in this case, to nullify a provision in an insurance contract that shortened the time for filing an action. *Id*. at 180-83. Moreover, the *Wolfe* Court held specifically that parties may contract to limit the time for bringing an action, but only "in the

4

absence of a controlling statute to the contrary." *Wolfe*, 331 U.S. at 608. The court finds that Ala. Code § 6-2-15 is such a "controlling statute."

Moreover, the cases cited by defendant for the proposition that "*Wolfe* repeatedly has been cited in upholding reasonable shorter limitations periods set by employers as a condition of employment," (doc. 5 at 3), are all from jurisdictions that allow parties to shorten the time for filing an action by agreement. *See Thurman*, 397 F.3d at 357 ("Moreover, Michigan courts have consistently held that contracting parties may agree to an abbreviated statute of limitations so long as it is reasonable." (citing *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 301 N.W. 2d 275, 276 (1981));[1] *Taylor*, 966 F.2d at 1203 ("As the district court properly concluded, contractual limitations of action are generally upheld under Illinois law); *Badgett*, 378 F. Supp. 2d at 623 ("Therefore, the federal law and North Carolina law allow the parties to contractually agree to shorter limitations periods than those provided by statute."); *Johnson*, 2003 WL 1089394 at 3 ("It is well-settled under Delaware and federal law that parties may validly contract to limit the time period for filing a federal cause of action.").

---

[1] The Michigan Supreme Court has overruled *Thurman* to the extent that it requires the court to consider the reasonableness of the limitation. *Rory v. Continental Ins. Co.*, , 703 N.W. 2d 23, 31 (Mich. 2005)("[W]e hold that an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy. A mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions. Only recognized traditional contract defenses may be used to avoid the enforcement of the contract provision.")

Defendant argues that Alabama law does not "expressly prohibit parties from altering statutes of limitations." (Doc. 10 at 2-3 and n.1 [citing *McLean v. Wheaton Van Lines*, 842 So. 2d 673 (Ala. Civ. App. 2002)].) The court finds the *McLean* decision does not support defendant's argument. In *McLean*, the Alabama Court of Civil Appeals held that the shorter statute of limitations found in the bill of lading at issue was allowable pursuant to an exception in the Alabama Uniform Commercial Code. *McLean*, 842 So. 2d at 678 (citing Ala. Code § 7-7-309). Therefore, the agreement to limit the time for filing an action was allowable under specific terms of § 6-2-15, which states, "***Except as may be otherwise provided by the Uniform Commercial Code***, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void. Ala. Code § 6-2-15 (emphasis added).

Defendant also argues that the Eleventh Circuit has held "that parties may, in fact, contractually agree to reasonable, shorter limitations periods for bringing claims.' (Doc. 10 at 3 [citing *Maxcess, Inc. v. Lucent Technologies*, 433 F.3d 1337, 1340 (11th Cir. 2005)].) However, again, the case cited by defendant is distinguishable on its facts. In *Maxcess*, the Eleventh Circuit held that the contract for a shorter period of time to file an action was enforceable, despite Florida's statute prohibiting such contracts, because the contract at issue contained a choice-of-law provision. *Maxcess*, 433 F.3d at 1340-41. The parties agreed that New York law would apply to the "construction and interpretation" of the contract, and New

6

York law allowed parties to limit the time for filing an action by agreement. *Id*. at 1340. Further, the *Maxcess* court held that the Florida courts would enforce the choice-of-law provision. *Id*. at 1341. Unlike the agreement in *Maxcess*, the agreement at issue in this case contains no choice-of-law-provision; therefore, Alabama law applies to the construction and interpretation.

The court finds that the agreement to shorten the time for filing an action, found in the letter offering plaintiff a position, is void and is unenforceable. Therefore, defendant's Motion for Summary Judgment will be denied.

## **CONCLUSION**

Based on the foregoing, the Court finds that the defendants' Motion for Summary Judgment, (Doc. 5), is due to be denied. An Order in accordance with this Memorandum Opinion will be filed contemporaneously herewith.

**DONE**, this the 27th day of September, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE